IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MILIA McDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-311-MJR |
| | ) | |
| RAND HALE and JUDGE ROMANIE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court finds that he is indigent; thus, his motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that this action is subject to summary dismissal.

After his March 2008 arrest in Madison County on unspecified charges, Defendant Rand Hale was appointed as Plaintiff's defense attorney. Plaintiff alleges that he had very little contact with Hale, despite the fact that Plaintiff believes he has information to share with authorities that could help him obtain a lesser sentence on his pending charges. For this lack of attention, he seeks damages; he also seeks a new attorney and a new judge to preside over his state court proceedings.

In the first place, this Court has no jurisdiction over state court proceedings. Therefore, this Court cannot provide him with a new attorney, nor can the Court control which state court judge hears his case. As for damages, the Supreme Court has held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Furthermore, judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 19th day of February, 2009.**

       **s/ Michael J. Reagan**
       **MICHAEL J. REAGAN**
       **United States District Judge**